IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:09-CR-99-SDJ-KPJ |
| | § | |
| SARA ELIZABETH COLLINS (1) | § | |

### AMENDED REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Sara Elizabeth Collins's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on September 12, 2022, to determine whether Defendant violated her supervised release. Defendant was represented by Joshua Milam. The Government was represented by Assistant United States Attorney Matt Johnson. The Court previously entered a Report and Recommendation in this cause [Dkt. 103]; however, following its entry, the Court identified an error in the Report and now enters this Amended Report to correct same.

Defendant was sentenced on April 8, 2010, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Heroin Resulting in Death, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of I, was 240 to 240 months. Defendant was subsequently sentenced to 120 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, substance abuse testing and treatment, $16,750.00 in restitution and a $100 special assessment. On August 31, 2018, Defendant completed her period

REPORT AND RECOMMENDATION – Page 1

of imprisonment and began service of the supervision term. On October 22, 2019, this case was reassigned to U.S. District Judge Sean D. Jordan.

On August 18, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 86, Sealed]. The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance; (2) You shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; and (3) It is further ordered that the defendant is to pay restitution totaling $16,750.00 to Cindy and Tony Coley the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 5 days of receipt. Interest is waived [Dkt. 86 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On December 9, 2021; March 9, 2022; June 8, 2022; and July 20, 2022; Defendant submitted urine specimens that tested positive for marijuana use. The specimens were subsequently confirmed positive for marijuana use by Alere Toxicology Inc. Further, Defendant submitted diluted specimens on May 24, 2022; June 21, 2022; and August 2, 2022; (2) On March 6, 2022, a financial investigation

revealed that on April 30, 2021, Defendant opened a new Kohl's charge account without permission; and (3) Defendant failed to make restitution payments for the months of November and December 2019; and January and February 2022. Defendant was ordered to pay a total of $16,750.00 in restitution and currently has an outstanding restitution balance of $4,049.22 [Dkt. 86 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1 and 2 of the Petition. The Government dismissed allegation 3 of the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court [Dkts. 96; 97].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of four (4) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 9th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE